UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CURTISS RICKY NAPOLEON, Sr.,

Defendant.

CASE NO. CR19-5249RJB

DETENTION ORDER

THIS MATTER comes on for hearing concerning the release or detention of the defendant under the Bail Reform Act, 18 U.S.C. § 3142. The defendant was indicted on June 5, 2019 on two charges of Abusive Sexual Contact. (Dkt. 1).

The government appears through Assistant United States Attorney Ye-Ting Woo. The defendant appears personally and is represented by counsel, Assistant Federal Public Defender Gregory Murphy.

The United States Probation and Pretrial Services Office appears through United States Probation Officer Nick Bassett, and has filed (Dkt. 5, 11) a pretrial report, and supplemental report.

IT IS ORDERED that the defendant:

Shall be detained. The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142, has considered all the factors in the Bail Reform Act. 18 U.S.C. § 3142(e), (g) and finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

The Court reviewed the documents in the electronic docket for this matter, including the allegations in the Indictment, and considered the arguments and information presented during the hearing. The defendant is charged with two counts of Abusive Sexual Contact 18 U.S.C. § 2244(a)(5), 2246(3) and 1153. These charges do not trigger the rebuttable presumption of detention.

There are four factors taken into consideration when determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community: 1. Nature and seriousness of the charges; 2. Weight of the evidence against the defendant; 3. History and characteristics of the defendant; and 4. "Nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4). The Bail Reform Act recognizes that release should be the normal course, and "detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). In evaluating whether the defendant poses a serious potential for dangerousness, it is not necessary for the Government to produce, or for the Court to rely on, evidence of prior convictions for violent crimes. *United States v. Hir,* 517 F.3d 1081, 1091-92 (9th Cir. 2008); *United States v. Rodriguez,* 950 F.2d 85, 88-89 (2d Cir. 1991).

Applying the first factor, charges against the defendant are very serious. The Indictment (Dkt. 1) alleges two counts of Abusive Sexual Contact against the alleged victim – his granddaughter – a minor under twelve years of age. Sentencing for this can be for any term of years including life imprisonment. 18 U.S.C. § 2244(a)(5).

The second factor, the weight of the evidence, is difficult to assess at this stage, and the Court does not rely heavily on this factor.

The third factor, history and circumstances of the defendant, shows an extensive criminal history and failures to appear before the court along with historical allegations that suggest that the defendant is not trustworthy and is a danger to the community.

The defendant, age 65, has lived in Western Washington his entire life. He has multiple health issues that limit his mobility, but according to testimony of his first cousin, Ms. Joseph, he is still capable of making the 20-30 minute drive (each way) from his home to Ms. Joseph's home to help take care of Ms. Joseph's mother.

The pretrial services supplemental report (Dkt. 5) gives the criminal history of the defendant. It extends from 1975 to 2008 beginning with multiple indecent exposure charges, replete with assault, drug, and DUI charges, and noting seven instances of failures to appear. While the last charges are 11 years ago, the repeated wanton disregard for the law gives a preponderance of evidence that the defendant's appearance cannot be reasonably assured.

Additionally, there have been allegations of past incidents of sexual abuse against minors in the 1980s against his stepdaughter.

The fourth factor, dangerousness to others and to the community, is present in this situation. The severity of the crimes charged in the current Indictment, and past allegations of sexual misconduct, prove by clear and convincing evidence the defendant is likely a danger to others and the community. The defendant, while estranged to some members of his family, is

still in contact with other family members who have children. Ms. Joseph testified that family members bring children to family functions which the Defendant has attended in the past, and may bring children along on visits to the defendant himself. There are also soccer fields about a half mile from his residence that he could drive to and visit, where many minors play and congregate.

When there is clear and convincing evidence that the defendant poses a danger to others and to the community, or there is a preponderance of the evidence showing that the defendant is a flight risk or may fail to appear for court hearings, the Court must next analyze whether there is a "condition or combination of conditions [that] will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e); *United States v. Hir,* 517 F.3d at 1092-93. As discussed above, the defendant's history of failure to appear, and sexual conduct crimes and allegations show him to be untrustworthy.

While he is limited in mobility, the defendant is still capable of driving himself and traveling to locations where minors are present. Due to his history of repeated contacts at family events with children in his family, and the Government's assertions that there have been visits between the defendant and children who are brought to his home, the Court is concerned there is a significant risk that children will be brought around him, and location monitoring equipment will not be helpful in preventing that or preventing him from going to other areas where minors are present besides those that are most obvious.

Considering all of these factors, the Court finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving

sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. The defendant shall be delivered on order of a Court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The clerks shall direct copies of this order to counsel for the United States, to counsel for the defendant, the United States Marshal and to the United States Probation Office and/or Pretrial Services Office.

Dated this 14 day of June, 2019.

*Theresa L. Fricke*

Theresa L. Fricke

United States Magistrate Judge